Columbia.
Heard before Chancellor Desaussure.
sase
Tins case came on upon the commissioner’s report and exceptions thereto.
JUNE, 1815
*556 The counsel for the defendant excepted on threu p0infe to the commissioner’s report:
Third, — That the money received by Joseph Walker as guardian of the complainants, should not be consider--<sd as a debt of higher grade than simple contract debts.
On the first exception, there is no difficulty. Thu rule of this court is a plain one. Where an executor, administrator, or guardian receives money, he is bound to pay debts, or to put it out to interest, on proper securi-ties. He is allowed to the end of the year to make up his accounts, and if at that time the balance appears to be very trivial, or if there be exigencies which require some money to be kept in the hands of the executor or guardian for a short time, interest will not he charged; but where he receives considerable sums of money, and neither applies them to pay debts, or to produce interest or revenue of any kind, he is bound to, pay interest on the money so received from the end of the year.
On applying this rule to the circumstances of the case under consideration, it does appear to me, that the interest is properly chargeable.
The first exception is therefore overruled.
The second exception, that too much was charged to the defendant’s testator, Joseph Walker, on the ground of rent, depends on the evidence.
It does not appear in proof, that more than two hundred and thirty dollars were actually received by Joseph Walker for rent; and three fifths of tl|at sum belonged to others than the complainants. If more rent was due, it does not appear that the same was not recovered by default of Joseph Walker, or that the balance actually due Mmy not yet be recovered from the debtors. Unless there §hould be more positive proof of gross neglect, and jjgtual lass* .1 should not be disposed to make the estate *557 of the guardian liable for more than he actually received. The exception is therefore sustained.
The third exception relates to the grade In which the debt due by the guardian to the complainants, for inoney received on their account, is to be placed. It seems there is some apprehension that the estate of Joseph Walker may not be able to pay all its debts; and it is of importance to' the complainants, and still more to the so-curities of the guardian in his bond, that the balance due by the guardian for money received by him, in that character, should be placed in the grade of bond debts.
The act of our legislature prescribes, that debts due by a deceased person, shall be paid in a certain order, to tvit: Funeral and other expenses of the last sickness ; charges of probate of will, or administration ; next, debts due the public; next judgments, mortgages and executions, the eldest first; next, rent; then bonds or other obligations; and lastly, debts due.,on open accounts. Now the bond given by the guardian, was given expressly to cover monies received by him in that character. The sums received by him in his lifetime, were due to his wards, not merely under the general principle of a liability for money had and received, but directly under the bond. It seems to me therefore that the money received by the guardian, must be considered as a debt due under his guardianship bond or obligation, and it is prof tected by the act of the legislature. The case of Cox and others, against Joseph, executrix of Joseph, 5 T,. ílep. 30r, seems to warrant this doctrine.
The exception is therefore overruled, and the balance reported to be due is to be placed on a footing with bond debts, as reported by the commissioner.
The appeal was argued before the Chancellors Desaussure, Waties, James and Thompson, who unanimously affirmed the decree, for the reasons given therein, and dismissed the appeal,